1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  BRECKENRIDGE PROPERTY FUND           No.  2:20-cv-02239-TLN-KJN
    2016, LLC,
12
                      Plaintiff,
13                                        **SUA SPONTE REMAND ORDER**
           v.
14
    MARGARET JACKSON,
15
                      Defendant.
16

17

18         This matter is before the Court on Defendant Margaret Jackson's ("Defendant") Notice of

19  Removal and Motion to Proceed *in Forma Pauperis*.  (ECF Nos. 1–2.)  For the reasons set forth

20  below, the Court hereby REMANDS the action to the Superior Court of California, County of

21  San Joaquin, due to lack of subject matter jurisdiction.  Defendant's Motion to Proceed *in Forma*

22  *Pauperis* (ECF No. 2) is DENIED as moot.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about May 17, 2019, Plaintiff Breckenridge Property Fund 2016, LLC ("Plaintiff") brought an action for unlawful detainer against Defendant and DOES 1-10 for possession of certain real property located in Stockton, California.  (ECF No. 1 at 10–30.)  On November 9, 2020, Defendant filed a Notice of Removal, removing the unlawful detainer action from the San Joaquin County Superior Court.  (*Id.* at 1–9.)  Concurrently with her Notice of Removal, Defendant filed a Motion to Proceed *in Forma Pauperis*.  (ECF No. 2.)

## II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(1)–(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at

386.  Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

**III.   ANALYSIS**

Defendant removed the above-entitled action to this Court based on both federal question jurisdiction and diversity jurisdiction.  (*See* ECF No. 1 at 1, 3–7 (citing to 28 U.S.C. §§ 1332, 1441, 1446).)  The Court discusses each below.

A.   Federal Question Jurisdiction

To the extent Defendant seeks to establish federal question jurisdiction, she has failed to do so.  Defendant argues the construction of the Pooling and Service Agreement relating to the real property that is the subject of Plaintiff's unlawful detainer action implicates Defendant's Fourteenth Amendment due process rights.  (ECF No. 1 at 6.)  Defendant further argues a federal question exists as to whether Plaintiff has legal standing to foreclose on the subject property.  (*Id.* at 7.)  However, these arguments are unavailing.

It is clear that the Complaint itself contains only a single claim for unlawful detainer.  (*Id.* at 14–16 (citing Cal. Code Civ. Proc. § 1161a).)  The instant Complaint therefore relies solely on California state law and does not state any claims under federal law.  (*See id.*)  Furthermore, even assuming Defendant intends to raise a federal defense based on the Fourteenth Amendment or assert a counterclaim against Plaintiff's unlawful detainer action, as articulated above, removal cannot be based upon a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49, 60–62; *Hunter*, 582 F.3d at 1042–43.  Thus, Defendant cannot establish federal question jurisdiction.

B.   Diversity Jurisdiction

To the extent Defendant seeks to establish diversity jurisdiction, she has also failed to do so.  Defendant asserts diversity jurisdiction exists because she and Plaintiff are citizens of different states and the amount in controversy exceeds $75,000.  (ECF No. 1 at 3.)  In support of this assertion, Defendant asserts she is a citizen of California (*id.* at 4), and she indicates on the civil cover sheet filed with her Notice of Removal that Plaintiff resides in Ohio (ECF No. 1-1).

1  Defendant does not, however, provide any support for her assertion that Plaintiff resides in

2  Ohio, a burden which is hers.  *Gaus*, 980 F.2d at 566; *see also Matheson v. Progressive Specialty*

3  *Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (the removing party must supply "summary-

4  judgment-type evidence. … Conclusory allegations … are insufficient" to establish the elements

5  of removal jurisdiction.").  To the contrary, the recorded grant deed documents attached to the

6  Complaint indicate that Plaintiff is operating from a California address.  (ECF No. 1 at 18–19.)

7  Furthermore, an independent review of the website for the California Secretary of State reveals

8  that Plaintiff has been registered to do business in California since May 24, 2016.  *See* Alex

9  Padilla, California Secretary of State, Business Search – Entity Detail for Breckenridge Property

10 Fund 2016, LLC, available at https://businesssearch.sos.ca.gov/CBS/Detail (last visited

11 November 11, 2020); *see also Co-Efficient Energy Systems v. CSL Industries, Inc.*, 812 F.2d 556,

12 559 (9th Cir. 1987) (corporation is a citizen of both its state of incorporation and state of principal

13 place of business for removal purposes).  Consequently, the Court cannot conclude that complete

14 diversity exists between the parties.

15 Nor does Defendant establish that the amount in controversy exceeds $75,000.  Defendant

16 argues the amount is controversy requirement is satisfied because her damages exceed $75,000.

17 (*Id.* at 5.)  However, Defendant provides no support for this assertion.  *See Singer v. State Farm*

18 *Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (where the complaint does not pray for

19 damages in a specific amount, the defendant must prove by a preponderance of the evidence that

20 the amount in controversy exceeds $75,000).  Moreover, the Court does not agree that Plaintiff's

21 Complaint seeks damages in excess of $75,000 where the cover page of the Complaint is clearly

22 marked to be a "LIMITED CIVIL" action in which the amount demanded "DOES NOT

23 EXCEED $10,000."  (ECF No. 1 at 14.)

24 In short, because the state court Complaint indicates that the only cause of action is one

25 for unlawful detainer, which arises solely under state law, this action does not arise under federal

26 law.  And because Defendant has failed to meet her burden of establishing that there is complete

27 diversity between the parties named in the suit and the amount in controversy exceeds $75,000,

28 the Court also does not have diversity jurisdiction.  There being no apparent grounds for federal

jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal diversity and subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.   CONCLUSION**

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California for San Joaquin County.  Defendant's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

DATED:  November 12, 2020

Troy L. Nunley
United States District Judge